# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br><br>HONG CHUL LEE,<br><br>    Debtor. | Case No.  08-14998-RGM<br>(Chapter 7) |
| CHASE BANK USA, NA,<br><br>    Plaintiff,<br><br>vs.<br><br>HONG CHUL LEE,<br><br>    Defendant. | Adv. Proc. No. 08-1503 |

## MEMORANDUM

This case is before the court on the defendant's motion to dismiss this adversary complaint objecting to the discharge of the plaintiff's claim.  The complaint in this adversary proceeding was timely filed on November 28, 2008, and all aspects of the filing were proper, particularly identifying the correct debtor and naming the correct debtor as the defendant, except for the number of the bankruptcy case.  The bankruptcy case number typed on the face of the complaint was 08-14997.  The actual bankruptcy case number is 08-14998.  In light of the incorrectly typed bankruptcy case number, the clerk made a docket entry in bankruptcy case 08-14997 stating that an adversary proceeding had been filed.  This entry was later modified to reflect that the docket entry was entered in the wrong case.  The docket entry was then made in the correct bankruptcy case. The deadline for filing discharge ability complaints was November 28, 2008.  While the adversary complaint was timely filed, the corrected docket entry was made after the bar date.  The defendant argues that this

1

adversary proceeding was not timely commenced because it was filed in the wrong bankruptcy case.

An adversary proceeding is commenced by the filing of a complaint. Fed.R.Bankr.P. 7003, incorporating Fed.R.Civ.P. 3. A new court file is created for each adversary proceeding. The papers are not filed and are not a part of the main bankruptcy proceeding. While the adversary proceeding clearly derives from and depends on the filing of the bankruptcy petition, it is a separate case. Here, the complaint was timely filed. It properly identified the debtor and the defendant, who are one in the same person. The complaint is proper in every respect, except for a typographical error as to the bankruptcy case number. The number is off by one digit. While this resulted in a docket entry in the wrong bankruptcy case, that docket entry was not the commencement of the adversary proceeding. It is merely an informational notation in the bankruptcy case.

The cases cited by the defendant are different. There is a significant difference between mistyping the bankruptcy case number and mistyping the name of the debtor and defendant. Using the wrong debtor's name and suing the wrong defendant commences a suit against an entirely different person, and in fact, the wrong person. While the doctrine of misnomer is available to correct some defects, it cannot effect a change of parties. *Mann v. CCR Financial Planning, Ltd. (In Re McKoy),* 211 B.R. 843 (E.D.Va. 1997). The cases cited by the defendant are of this nature and are inapposite.

Alexandria, Virginia
February 19, 2009

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

copies to:
Russell B. Adams, III
Robert B. Walker

14981